**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN HAYES, | ) | |
| | ) | Case No. 24 C 9950 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| MIDDLE RIVER MARINE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this matter before the magistrate judge on consent (D.E. 36), Plaintiff John Hayes ("Hayes" or "Plaintiff") sued Defendant Middle River Marine, LLC ("Defendant" or "Middle River"), alleging he was employed by Middle River as a seaman when, on October 15, 2022, he suffered a stroke in the course of his employment due to Defendant's negligence and failure to provide a safe work environment, in violation of the Jones Act, 46 U.S.C. § 30104(a). ("Complaint"; D.E. 1, ¶¶ 17-18.) After the completion of discovery, in which Plaintiff chose to forgo expert discovery (D.E. 72), Defendant moved for summary judgment (D.E. 76), filing a memorandum in support ("Def. Mem."; D.E. 78) and a Local Rule ("LR") 56.1 Statement of Facts ("DSF"; D.E. 77). Plaintiff filed a response to the motion ("Pl. Resp."; D.E. 80) and a LR 56.1 Statement of Additional Facts ("PSF"; D.E. 81) but did not file a response to Defendant's Statement of Facts. Defendant filed a reply brief ("Reply"; D.E. 88) and a response to Plaintiff's Statement of Additional Facts ("Resp. to PSF"; D.E. 87). The motion is now fully briefed.

## I. Summary Judgment Standard

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"In applying this standard, we construe all facts and draw all reasonable inferences in favor of the non-movant." *Upchurch v. Indiana*, 146 F.4th 579, 585-86 (7th Cir. 2025). To succeed on a summary judgment motion, the movant must "either point out that an essential element of [the nonmovant's] claim lacked evidence or present evidence of its own that negated an essential element of [his] claim." *Ellison v. United States Postal Serv.*, 84 F.4th 750, 759 (7th Cir. 2023). The burden on the non-movant to withstand summary judgment is not onerous. "The nonmovant need not depose his own witnesses or produce evidence in a form that would be admissible at trial, but he must go beyond the pleadings (*e.g.*, produce affidavits, depositions, answers to interrogatories, or admissions on file) to demonstrate that there is evidence upon which a jury could properly proceed to find a verdict in his favor." *Burton v. Kohn L. Firm, S.C.*, 934 F.3d 572, 579 (7th Cir. 2019). But "generalized and unsupported allegations cannot create a genuine dispute precluding summary judgment," *Mitchell v. Exxon Mobil Corp.*, 143 F.4th 800, 808 (7th Cir. 2025) (internal citations and quotations omitted), and "[i]t is not [the] job ... of the district court ... to scour the record in search of a genuine issue of triable fact." *Li v. Fresenius Kabi USA, LLC*, 110 F.4th 988, 996 (7th Cir. 2024) (internal citations and quotations omitted).

## II. Undisputed Material Facts

As Plaintiff does not contest Defendant's Statement of Facts, the Court treats them as undisputed if they are properly supported by evidence. *See* LR 56.1(d)(2) ("[t]he court may disregard any asserted fact that is not supported ... by citation to the specific evidentiary material, including the specific page number, that supports it.") The Court also treats as undisputed those portions of Plaintiff's Statement of Additional Facts that Defendant does not properly dispute. *See* L.R. 56.1(e)(2) (courts may disregard any response that sets forth new facts or asserts legal arguments other than objections based on admissibility, materiality, or absence of evidentiary

support). Applying these rules, the following material facts are undisputed unless otherwise indicated:

Plaintiff was employed by Middle River as a nighttime captain from May 2022 to January 2023. PSF, ¶¶ 1, 3; DSF, ¶¶ 3, 5-6. Plaintiff previously worked for ADM ARTCO for 13 years as a deckhand who cleaned out barges; he has a U.S. Coast Guard steersman credential and captain's license. PSF, ¶ 2; DSF, ¶¶ 6-7. Plaintiff's duties at Middle River included piloting tugboats to move barges, operating an excavator and a Bobcat, sweeping and washing barges, assisting the deck crew at the facility, and occasionally handling, dragging, pulling, and maintaining shoring wire connected to barges. PSF, ¶¶ 4-5; DSF, ¶¶ 10-11. Plaintiff testified that he sometimes worked 12- to 14-hour days. PSF ¶ 20. In addition, every other weekend, Plaintiff worked overtime to perform fleet checks in which he would inspect barges, operate pumps to make sure water was pumped out of the barges, and secure the fleet; Plaintiff alternated performing fleet checks with another Middle River employee. PSF, ¶¶ 8, 22; DSF ¶¶ 13-15, 21. Fleet checks could take Plaintiff from 20 minutes to two hours to complete. PSF, ¶ 9; DSF, ¶ 21. Middle River paid Plaintiff for two hours of overtime for completing fleet checks. PSF; ¶¶ 23-24; DSF, ¶ 21.

Plaintiff testified that he received no formal safety or equipment training for operating the excavator and related machinery, and that on one occasion, the excavator almost tipped over. PSF, ¶¶ 12-14. Defendant submitted evidence that Plaintiff completed safety training. DSF, Ex. E at 2 (https://spaces.hightail.com/receive/bDVfwbwCN3). Plaintiff testified that he told his supervisor, Larry Turner, Jr., of the near-tipping incident and "expressed concerns" about strenuous barge-cleaning conditions and lack of training. PSF, ¶ 16-17.

On Saturday, October 15, 2022, around 8 a.m., Plaintiff drove to Middle River's worksite and performed a fleet check with another Middle River employee. PSF, ¶ 25; DSF, ¶¶ 24-25.

Plaintiff started all the pumps on one work barge and used a tug to move another barge; after about 30 minutes, Plaintiff got in his car to drive home. PSF, ¶¶ 25-26; DSF, ¶¶ 26-27. About 10 minutes into his drive home, Plaintiff began to have ringing in his ear, and then the left side of his body stopped working. PSF, ¶ 28; DSF, ¶¶ 29-31. His son took him to the hospital, PSF ¶ 28, where he was diagnosed with having suffered an ischemic stroke. PSF, ¶ 29; DSF, ¶ 36.

On July 22, 2024, neurologist Todd B. Silverman, M.D., Defendant's expert witness, conducted a 60-minute neurological examination and interview of Plaintiff. On September 5, 2024, after reviewing Plaintiff's medical records, Dr. Silverman issued a report concluding "to a reasonable degree of medical certainty that there was "no evidence that [Plaintiff's] employment as a barge captain at Middle River Marine significantly contributed to or caused the week-long series of neurological events that culminated in the stroke on 10/15/22." DSF, ¶ 41, citing Ex. E ("Silverman Report") at 3.[1] Dr. Silverman's report listed "multiple vascular risk factors" that "predispose" Plaintiff to the type of stroke he suffered, and he opined that "[i]ncreased emotional stress, occupational or otherwise" were not risk factors. Silverman Report at 9-10.

## III. Plaintiff Fails to Present Any Evidence of Causation, an Essential Element of his Claims under the Jones Act.

Under the Jones Act, a seaman can sue in federal court against his employer for injuries suffered in the course of employment due in whole or in part from the employer's negligence. *Sobieski v. Ispat Island, Inc.*, 413 F.3d 628, 631 (7th Cir. 2005). The Jones Act "by its terms extends the protections of the Federal Employer's Liability Act ("FELA") [45 U.S.C. § 51] to seamen, and thus FELA caselaw is broadly applicable in the Jones Act context." *Id.* To prove a claim under FELA, a plaintiff must prove "the traditional common law elements of negligence, including

[1] The Court granted Defendant's motion to seal Dr. Silverman's report, and accordingly, the Court's written discussion of the report includes none of Plaintiff's personal medical information.

foreseeability, duty, breach, and causation." *Abernathy v. E. Illinois R.R. Co*., 940 F.3d 982, 988 (7th Cir. 2019). A plaintiff's burden of proof under FELA, and by extension, the Jones Act, "is significantly lighter than in an ordinary negligence case . . . [An employer] will be held liable where employer negligence played any part, even the slightest, in producing the injury." *Jaranowski v. Indiana Harbor Belt R.R. Co*., 72 F.4th 744, 749-50 (7th Cir. 2023) (internal citations and quotations omitted). "As light as this burden is, the plaintiff must still present some evidence of negligence . . . [S]pecifically, the plaintiff must offer evidence creating a genuine issue of fact on the common law elements of negligence, including duty, breach, foreseeability, and causation . . . If the plaintiff presents no evidence whatsoever to support the inference of negligence, . . . summary judgment . . . is properly granted." *Ruark v. Union Pac. R.R. Co.*, 916 F.3d 619, 625-26 (7th Cir. 2019) (internal citations and quotations omitted).

Here, Defendant argues that summary judgment is proper because Plaintiff offered no evidence that his stroke was caused by his employment with Middle River, Def. Mem. at 4-5, and causation is an essential element of Plaintiff's claims. Remarkably, in his response, Plaintiff does not dispute that he offers no evidence of causation. He acknowledges that "Middle River argues Plaintiff cannot prove causation because Plaintiff disclosed no medical causation expert, stroke causation is complex, [Dr. Silverman] opines employment did not contribute to the stroke," and "Plaintiff testified no doctor told him stress from work caused the stroke." Pl. Resp. at 5. But rather than dispute Defendant's argument by pointing to evidence that his employment with Middle River in any way caused his stroke, Plaintiff argues that his claims should survive summary judgment because he has presented a genuine dispute as to foreseeability, duty, and breach: "While Middle River's arguments may be presented to a jury, they do not justify summary judgment where (1) the underlying facts regarding unsafe work conditions and stressors are disputed and material, and (2)

Middle River seeks to have the Court weigh the evidence by treating its expert opinion as conclusive." Response at 5-6.

But the Court need not treat Dr. Silverman's report as conclusive for Defendant to meet its burden on summary judgment, because Defendant has shown, and Plaintiff essentially admits, that an essential element of Plaintiff's claim lacked evidence because he has offered no evidence that his stroke was caused by his work at Middle River. *Ellison*, 84 F.4th at 759. The following are the "underlying facts regarding unsafe work conditions and stressors," Pl. Resp. at 5, for which Plaintiff argues that he raised a genuine dispute of material fact: (1) Defendant was on notice that Plaintiff's duties were demanding and involved heavy equipment and vessel operations; (2) Plaintiff worked long or excessive hours; and (2) Plaintiff was not properly trained. *Id.* at 3-4. But Plaintiff presents zero evidence or argument that these alleged facts, even if proven true, in any way could have *caused* Plaintiff to have a stroke.

Under the Jones Act and FELA, "an employee must prove that the [employer] was negligent *and* that the [employer's] negligence caused the injury at issue." *Myers v. Illinois Cent. R. Co.*, 629 F.3d 639, 642 (7th Cir. 2010), emphasis added. "Causation is a necessary element of every FELA claim," and by extension, every Jones Act claim, and the failure to present evidence of it is fatal to the claim. *Kopplin v. Wisconsin Cent. Ltd.*, 914 F.3d 1099, 1105 (7th Cir. 2019) (affirming grant of summary judgment where the plaintiff did not present reliable expert testimony on causation). Accordingly, because Plaintiff failed to present any evidence of causation, his Jones Act claims fail as a matter of law. Thus, the Court grants Defendant's motion for summary judgment.[2]

[2] Defendant has also arguably "present[ed] evidence of its own that negated an essential element of [Plaintiff's] claim" because Dr. Silverman's opinion that Plaintiff's stroke was not caused by work stress is unrebutted. *Ellison*, 84 F.4th at 759. Despite the Jones Act's "relaxed causation standard, . . . 'when there is no obvious origin to an injury and it has multiple potential etiologies, expert testimony is necessary to

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (D.E. 76) is granted.

**SO ORDERED.**

**ENTER:**

**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATED: October 20, 2026**

---

establish causation.'" *Brown v. Burlington N. Santa Fe Ry. Co.*, 765 F.3d 765, 771 (7th Cir. 2014), quoting *Myers*, 629 F.3d at 643. Unlike cases "when causation is so clear that a layperson can understand what caused the injury," *Kopplin*, 914 F.3d at 1104, such as "those that result from being hit by a train," *Brown*, 765 F.3d at 771, the causes of Plaintiff's stroke would not be obvious to the average layperson, and Plaintiff would need expert testimony about causation. *See Kopplin*, 914 F.3d at 1104 (granting summary judgment in FELA case where the plaintiff failed to present expert testimony on causation about "whether operating heavy machinery one-handed can contribute to medial and lateral epicondylitis"); *Myers*, 629 F.3d at 640 (granting summary judgment in FELA case where the plaintiff failed to present expert testimony on causation about whether years of "physically demanding" work caused the plaintiff's injuries).